{¶ 21} I concur in judgment only, because I do not accept the analysis the majority provides. First, the majority rejects Assignment of Error I because defendant failed to provide legal authority. I do not know what legal authority would be necessary, however, to support an argument based on the manifest weight of the evidence.
 {¶ 22} Second, I have a concern that the five-year-old child's statement was introduced without clearly establishing that what she reported she actually saw. The police officer testified merely that he had asked "where she was. She said she was in the living room at that time." When asked whether she "would have been able to observe this," he replied "Yes, she would." Being able to observe what happened, however, is not the same as actually observing it. Moreover, it is not clear what incident was observed. That is, did the child hear what the grandmother said afterwards or did the child actually see the alleged pushing?
 {¶ 23} Defendant testified, moreover, that the children were not in a position to see the specific incident from which the charges arise. She said the children "were over there playing, and their backs were turned, and my daughter heard my mother say that I pushed her down * * *." Before the challenged hearsay can be allowed as an excited utterance exception, it is necessary to establish it was not triple hearsay. It was important to establish that what the police officer stated as to what the child reported was what she actually saw, not what she heard. This foundation the prosecutor failed to make.
 {¶ 24} I nevertheless defer to the trial court's decision as to whose account to believe and assume the judge as trier of fact did not rely upon the child's testimony.